UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDDIE CALDERA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | Civil Action No.  SA-17-CV-00116-XR |
| | § | |
| THE BANK OF NEW YORK MELLON | § | |
| FKA THE BANK OF NEW YORK, AS | § | |
| TRUSTEE FOR THE BENEFIT OF THE | § | |
| CERTIFICATE HOLDERS OF THE | § | |
| CWABS, INC., ASSET-BACKED | § | |
| CERTIFICATES SERIES 2007-BC3, its | § | |
| successor in interest or assigns, by and | § | |
| through CONNIE J. VANGERGRIFF, its | § | |
| appointed Substitute Trustee, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

On this date, the Court considered the status of the above captioned case, and Defendant Bank of New York Mellon's Motion to Dismiss (Docket no. 4). After careful consideration, the motion is GRANTED.

## BACKGROUND

In 2007, Plaintiff Eddie Caldera obtained a home equity loan on his property located at 222 Cooper Street, San Antonio, Texas 78210 by executing a promissory amount in the amount of $43,994.00 and a deed of trust in favor of the CIT Group/Consumer Finance, Inc. Docket no. 1-1 at 8; Docket no. 1-1 at 14 (Promissory Note); Docket no. 4-2 (Home Equity Deed of Trust). Plaintiff alleges that on July 29, 2011, the loan was assigned to Defendant Bank of New York Mellon. Docket no. 1-1 at 8. Caldera alleges that he did not receive notice of this assignment. *Id.*

1

Plaintiff alleges that in February 2016 and September 2016, he received notices of foreclosure from Defendant. *Id*. A foreclosure sale was set for December 6, 2016. *Id*. at 10.

Plaintiff filed his original petition in the 131st Judicial District Court for Bexar County on December 5, 2016. *Id*. at 7. He asserts a cause of action for breach of contract on two main theories: (1) Defendant did not give notice of assignment of the loan before foreclosing; (2) in failing to consider Plaintiff for a loan modification, Defendant did not comply with Housing and Urban Development (HUD) regulations and Home Affordable Modification Program (HAMP) regulations. Docket no. 1-1 at 9. Plaintiff seeks $30,000 in damages, $20,000 attorney's fees, and an injunction preventing Defendant from foreclosing on the property. Docket no. 1-1 at 10.

Defendant removed the action to this Court on February 16, 2017 on the basis of diversity jurisdiction. Docket no. 1. Jurisdiction exists because Plaintiff is a citizen of Texas, Defendant is a citizen of New York (it is a New York corporation with its principal place of business in New York), and the amount in controversy exceeds $75,000.[1] On February 22, 2017, Defendant filed the motion to dismiss now before the Court. Docket no. 4. Plaintiff did not respond, and the time period for doing so has expired.

## BACKGROUND

### I.   Legal Standard

#### a.   Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim

---

[1] The current value of the property is $40,750.00 according to Bexar County appraisal records. Docket no. 1-3. Because Plaintiff's complaint seeks to prevent foreclosure, Docket no. 1-1 at 10, the value of the property determines the amount in controversy for establishing diversity jurisdiction. *Nationstar Mortg. LLC v. Knox*, 351 F. App'x. 844, 848 (5th Cir. 2009); *Valadez v. Bank of Am.*, SA-13-CA-271-XR, 2013 WL 3559145, at *3 (W.D. Tex. July 11, 2013). Because the value of the property ($40,750) combined with the requested damages ($30,000) and attorney's fees ($20,000) exceeds $75,000, the amount in controversy requirement is met.

for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007).

### b. Documents that May Be Considered

The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim'"). A district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

In this case, Plaintiff attached the promissory note to its complaint, so this document is properly considered. Docket no. 1-1 at 14. In addition, Defendant attached the deed of trust to its motion to dismiss. Docket no. 4-2. This document is referenced in the complaint, and Plaintiff attached a copy of an assignment of this deed of trust to the complaint. Docket no. 1-1 at 17. Moreover, the deed of trust has been recorded and is a matter of public record. Docket no. 4-2 at 11. For these reasons, the Court takes judicial notice of the deed of trust and will consider it in ruling on Defendant's motion to dismiss.

## II.    Analysis

The elements of a claim for breach of contract are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; (4) damages sustained as a result of the breach." *Winchek v. Am. Exp. Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "To be enforceable, a contract must be sufficiently certain to enable a court to determine the rights and responsibilities of the parties." *Id*. Plaintiff's breach claims fail because Defendant did not breach the loan documents.

### a.  Plaintiff does not state a cause of action based on Defendant's alleged failure to notify Plaintiff of the loan's assignment.

Plaintiff alleges that Defendant breached the contract by failing to provide him with notice of the assignment. Docket no. 1-1 at 9. But no such notice is required. The deed of trust states that "[t]he Note or a partial interest in the Note (together with this Deed of Trust) may be sold one or more times without prior notice to Borrower." Docket no. 4-2 at 7; *see also* Docket no. 1-1 (promissory note) ("I understand that the Lender may transfer this Note."). Though the deed of trust states that a change in the Loan Servicer requires notice being given to Plaintiff, *see id.*, that is not the allegation in this case. Here, Plaintiff alleges that he did not receive notice of

an assignment of the loan; he makes no allegations related to a change in the Loan Servicer that would trigger his right to notice under the deed of trust. Because Plaintiff was not entitled to notice of an assignment of the loan, his breach of contract claim on this theory is dismissed.

**b. Plaintiff does not state a cause of action for Defendant's alleged non-compliance with HUD and HAMP regulations.**

Under Plaintiff's remaining breach of contract theory, Defendant did not provide him with an opportunity to modify the loan in violation of HUD and HAMP[2] regulations. Assuming that Plaintiff has even alleged a violation of these regulations,[3] it is well established that neither HUD nor HAMP creates a private right of action. HUD regulations "govern relations between the mortgagee and government, and give the mortgagor no claim for duty owed or for the failure to follow said regulations." *Klein v. Wells Fargo Bank*, *N.A.*, A-14-CA-861-SS, 2014 WL 5685113, at *5 (W.D. Tex. Nov. 4, 2014), *aff'd*, 613 F. App'x. 428 (5th Cir. 2015) (citing *Roberts v. Cameron–Brown Co.*, 556 F.2d 356, 360–61). Courts have similarly held that HAMP provides no private right of action. *E.g., King v. HSBC Bank USA, N.A.*, SA-12-CV-592-XR, 2012 WL 3204190, at *3 (W.D. Tex. Aug. 3, 2012) (collecting cases); *see also Wildy v. Wells Fargo Bank, NA*, 3:12-CV-01831-BF, 2012 WL 5987590, at *4 (N.D. Tex. Nov. 30, 2012) (reasoning that because borrowers are not third-party beneficiaries to a HAMP agreement

---

[2] "The Home Affordable Mortgage Program (HAMP), 12 U.S.C. § 5219a, is a federal program whereby the United States government privately contracts with banks to provide incentives to enter into residential mortgage modifications. In March 2009, the United States Department of Treasury announced the details of the Home Affordable Modification Program as part of the Making Home Affordable Program. Under HAMP, individual loan servicers voluntarily enter into contracts with Fannie Mae, acting as the financial agent of the United States, to perform loan modification services in exchange for certain financial incentives." *Nevada v. Bank of America Corp.*, 672 F.3d 661, 665 n. 1 (9th Cir. 2012).

[3] Defendant contests this point. *See* Docket no. 4 at 6 n. 3 ("Plaintiff also misconstrues HUD requirements. There is no requirement to consider Plaintiff for a loan modification before foreclosure, and any failure to do so was not a violation of HUD regulations. *See, e.g.*, 24 C.F.R. § 203.501 (stating that mortgagees must consider many loss mitigation options and choose the option which generates the smallest financial loss to HUD); *id*. § 203.605 (stating that a mortgagee should take loss mitigation actions deemed appropriate in the circumstances); *id*. § 203.616 (stating that a mortgagee *may* modify a mortgage.") (emphasis added)).

between the government and the lender, borrowers "lack standing to challenge the lender's compliance with [HAMP].").

Because Plaintiff has no private right of action directly through HUD or HAMP, the only way he might state a claim would be if the loan documents expressly incorporate the regulations. *See Baker v. Countrywide Home Loans, Inc.*, CIV A 308-CV-0916-B, 2009 WL 1810336, at *5 (N.D. Tex. June 24, 2009) ("[F]ailure to comply with [HUD] regulations made part of the parties' agreement may give rise to liability on a contract theory because the parties incorporated the terms into their contract. Indeed, courts have recognized that claims for failure to comply with the HUD regulations in question are best classified as a breach of contract."). The loan documents here, however, do not incorporate the regulations at issue, either explicitly or implicitly. *See* Docket no. 1-1; Docket no. 4-2. Thus, because the loan documents do not require compliance with the HUD or HAMP regulations that Defendant allegedly violated, Plaintiff's breach of contract claim based on these regulations fails. *See Bassie v. Bank of Am., N.A.*, 4:12-CV-00891, 2012 WL 6530482, at *4 (S.D. Tex. Dec. 13, 2012) ("[A] review of the documents (provided by [the lender]) establishes that HUD regulations are not incorporated into the contract. Therefore . . . the breach of contract claim still fails.").

   c.  **Because Plaintiff has not stated a viable cause of action, Plaintiff cannot obtain injunctive relief.**

Finally, because Plaintiff fails to set forth a viable underlying cause of action, he is not entitled to the requested injunctive relief of preventing foreclosure. *See Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009); *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012) ("In the absence of a viable substantive claim, plaintiffs' request for injunctive relief is without merit."); *Von Scheele v. Wells Fargo Bank, N.A.*, SA-12-CV-00690-DAE, 2013 WL 5346710, at *6 (W.D. Tex. Sept. 23, 2013).

6

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket no. 4) is GRANTED. Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendant is awarded costs of court and may file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 10th day of March, 2017.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE